Honorable James L. Robart

1

2

3

4

5

6        UNITED STATES DISTRICT COURT
7      WESTERN DISTRICT OF WASHINGTON
                 AT SEATTLE
8

9  TILE TECH, INC., a California          Case No. 2:17-cv-01660-JLR
   Corporation,
10                                         **STIPULATED**
                                           **PROTECTIVE ORDER**
11                          Plaintiff,

12  v.

13  APPIAN WAY SALES, INC., a
    Washington Corporation, and PUGET
14  LITE-PAVERS, INC., a Washington
    Corporation,
15
                           Defendants.
16
        -and-
17

18  APPIAN WAY SALES, INC., a
    Washington Corporation, APPIAN WAY,
19  LLC, a Washington Limited Liability
    Company, and PUGET LITE-PAVERS,
20  INC., a Washington Corporation,

21                     Counterclaimants.

22  v.

23  TILE TECH, INC., a California
    Corporation,
24

25                   Counter-Defendant

26

STIPULATED PROTECTIVE ORDER
– (2:17-cv-01660-JLR) - 1

1   1.   <u>PURPOSES AND LIMITATIONS</u>

2       Discovery in this action is likely to involve production of confidential, proprietary, or

3   private information for which special protection may be warranted.   Accordingly, the parties

4   hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

5   parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c). It does

6   not confer blanket protection on all disclosures or responses to discovery; the protection it

7   affords from public disclosure and use extends only to the limited information or items that are

8   entitled to confidential treatment under the applicable legal principles, and it does not

9   presumptively entitle parties to file confidential information under seal.

10  2.   <u>"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u>

11       <u>MATERIAL</u>

12       2.1   "Confidential" material means information, documents, and things the designating

13  party believes in good faith constitutes confidential research, development, or commercial

14  information that is maintained in confidence by the designating party and not generally known to

15  others.   Confidential material shall include the following documents and tangible things

16  produced or otherwise exchanged:

17           a)   Information about the producing party's policies or practices;

18           b)   Information regarding the producing party's product development, design

19                or specifications for past or present commercial products;

20           c)   Any information which the producing party is obligated by contract or

21                state or federal law to keep confidential;

22           d)   Any financial documents not designated as Highly Confidential –

23                Attorneys' Eyes Only.

24       2.2   "Highly Confidential – Attorneys' Eyes Only" material: The parties acknowledge

25  that there may be information produced in discovery for which a higher level of protection is

26  required; such information may be designated as "Highly Confidential – Attorneys' Eyes Only"

STIPULATED PROTECTIVE ORDER
– (2:17-cv-01660-JLR) - 2

1  information.  Highly Confidential – Attorneys' Eyes Only designations should be used only for

2  sensitive technical, financial, competitive, or personnel information, which is not generally

3  known by third parties and that the Producing Party would not normally reveal to third parties or

4  would cause third parties to maintain in confidence either by agreements, policies, or procedures.

5  Highly Confidential – Attorneys' Eyes Only information shall include the following documents

6  and tangible things produced or otherwise exchanged:

7      a)   Design files, design drawings, design specifications;

8      b)   Manufacturing techniques, laboratory notebooks, prototypes, and

9             information related thereto;

10      c)   The financial books and records of the producing party and financial

11             information pertaining to the financial books and records;

12      d)   Information about the revenues, costs, expenses, profits and losses of the

13             producing party;

14      e)   Pricing information;

15      f)   Accounting information that is not made publicly available;

16      g)   Information about the volume and types of sales, sales leads or sales

17             incentives or sales goals;

18      h)   Business and marketing plans or analyses, surveys, customer

19             communications;

20      i)   Short and long-term business plans;

21      j)   Marketing strategies and plans;

22      k)   Information regarding the producing party's customers and competitors;

23      l)   Contracts that the producing party has with customers, drafts thereof, and

24             communications concerning such drafts and contracts;

25      m)   Licensing agreements;

26

n)   Contracts that the producing party has with suppliers, vendors, contractors, or subcontractors, drafts thereof, and communications concerning such drafts and contracts.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential material and Highly Confidential – Attorneys' Eyes Only material (collectively, "Protected Information") (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Information.

However, the protections conferred by this Stipulated Protective Order do not cover: (i) information that is in the public domain or becomes part of the public domain through trial or otherwise; (ii) information which, after its disclosure to a receiving party, is published to the general public by a party having the right to publish such information; or (iii) information that the receiving party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Protected Information.

4.   ACCESS TO AND USE OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL

4.1   Basic Principles. A receiving party may use Protected Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A receiving party's outside counsel may use Highly Confidential – Attorneys' Eyes Only information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

1   Protected Information must be stored and maintained by a receiving party at a location and in a

2   secure manner that ensures that access is limited to the persons authorized under this Stipulated

3   Protective Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal

4   Highly Confidential – Attorneys' Eyes Only information must be separately bound by the Court

5   Reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

6   Order.

7         4.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

8   ordered by the court or permitted in writing by the designating party, a receiving party may

9   disclose any Confidential material only to:

10              (a)     the receiving party's counsel of record in this action, as well as employees

11   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

12              (b)     the officers, directors, and employees (including in house counsel) of the

13   receiving party to whom disclosure is reasonably necessary for this litigation;

14              (c)     experts and consultants to whom disclosure is reasonably necessary for

15   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

16   A);

17              (d)     the court, court personnel, and court reporters and their staff;

18              (e)     copy or imaging services retained by counsel to assist in the duplication of

19   confidential material, provided that counsel for the party retaining the copy or imaging service

20   instructs the service not to disclose any confidential material to third parties and to immediately

21   return all originals and copies of any confidential material;

22              (f)     during their depositions, witnesses in the action to whom disclosure is

23   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

25   transcribed deposition testimony or exhibits to depositions that reveal confidential material must

26

1  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
2  under this Stipulated Protective Order;

3            (g)    the author or recipient of a document containing the information or a
4  custodian or other person who otherwise possessed or knew the information.

5            (h)    mock jurors who have signed an undertaking or agreement agreeing not to
6  publicly disclose Confidential Material and to keep any information regarding Confidential
7  Material confidential;

8            (i)    any mediator who is assigned to hear this matter, and his or her staff,
9  subject to their agreement to maintain Confidential Material confidential to the same degree as
10  required by this Protective Order; and

11           (j)    any other person with the prior written consent of the producing party.

12       4.3    Additional Protections for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13  ONLY" Material.    No party receiving any document or thing designated "HIGHLY
14  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall disclose any such information to any
15  other person or entity, except to the following:

16           (a)    the receiving party's counsel of record in this action, as well as employees
17  of counsel to whom it is reasonably necessary to disclose the information for this litigation, such
18  counsel being responsible for each employee's compliance with this Stipulated Protective Order;

19           (b)    outside experts and outside consultants to whom disclosure is reasonably
20  necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be
21  Bound" (Exhibit A) and provided further that the procedures set forth in Paragraph 5 below have
22  been followed;

23           (c)    the Court, Court personnel, and Court reports and their staff;

24           (d)    copy or imaging services retained by counsel to assist in the duplication of
25  confidential material, provided that counsel for the party retaining the copy or imaging service

26

1 instructs the service not to disclose any Attorneys' Eyes Only information to third parties and to
2 immediately return all originals and copies of any Attorneys' Eyes Only information;

3         (e)     the author or recipient of a document containing the Attorneys' Eyes Only
4 information or a custodian or other person who otherwise possessed or knew the Attorneys' Eyes
5 Only information;

6         (f)     mock jurors who have signed an undertaking or agreement agreeing not to
7 publicly disclose Attorneys' Eyes Only information and to keep any information regarding
8 Attorneys Eyes Only information confidential;

9         (g)     any mediator who is assigned to hear this matter, and his or her staff,
10 subject to their agreement to maintain confidentiality to the same degree as required by this
11 Stipulated Protective Order; and

12         (h)     any other person with the prior written consent of the producing party.

13     4.4    Filing Protected Information. Before filing Protected Information or discussing or
14 referencing such material in court filings, the filing party shall confer with the designating party
15 to determine whether the designating party will remove the designation applied to the Protected
16 Information, whether the document can be redacted, or whether a motion to seal or stipulation
17 and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be
18 followed and the standards that will be applied when a party seeks permission from the court to
19 file material under seal.

20 5.     PROCEDURE FOR DISCLOSURE OF HIGHLY CONFIDENTIAL – ATTORNEYS'
21      EYES ONLY INFORMATION:

22     (a)     Unless otherwise ordered by the Court or agreed to in writing by the parties,
23 outside counsel for a party that seeks to disclose to an expert and/or consultant any information
24 or item that has been designated by a party as Attorneys' Eyes Only pursuant to this Stipulated
25 Protective Order first must make a written request to the producing party that (i) identifies the
26 general categories of Attorneys' Eyes Only information that the party seeks permission to

1    disclose to the expert and/or consultant; (ii) sets forth the full name of the expert and/or
2    consultant and the city and state of his or her primary residence, (iii) attaches a copy of the
3    expert and/or consultant's current resume, (iv) identifies the expert and/or consultant's current
4    employer(s), and (v) provides a list of the cases in which the expert and/or consultant has
5    testified at deposition or trial within the last five (5) years.

6       (b)    A party that makes a request and provides the information specified in the
7    preceding paragraph may disclose the subject Attorneys' Eyes Only information to the identified
8    expert and/or consultant unless, within ten (10) days of delivering the request, the party receives
9    a written objection from the producing party. Any such objection must set forth in detail the
10   grounds on which it is based.

11       (c)    A party to the underlying action that receives a timely written objection must
12   meet and confer with the producing party (through direct voice to voice dialogue) to try to
13   resolve the matter by agreement within seven (7) days of the written objection.

14       (d)    If no agreement is reached, the party seeking to disclose the Attorneys' Eyes Only
15   information to the expert and/or consultant shall file a motion with the Court within seven (7)
16   days stating the reason why the expert and/or consultant should be entitled to review such
17   information. If the requesting party does not timely file its motion, it shall be precluded from
18   disclosing the subject Attorneys' Eyes Only information to the identified expert and/or
19   consultant. Any such motion must describe the circumstances with specificity, set forth in detail
20   the reasons why the disclosure to the expert and/or consultant would not cause unreasonable risk
21   of harm, irreparable harm, or prejudice to the opposing party. In any such proceeding, the
22   producing party shall bear the burden of proving that the risk of harm that the disclosure would
23   entail (under the safeguards proposed) outweighs the party's need to disclose the Attorneys'
24   Eyes Only information to its expert and/or consultant.

25

26

1    6.    DESIGNATING PROTECTED INFORMATION

2    6.1    Exercise of Restraint and Care in Designating Protected Information. Each party
3    or non-party that designates information or items for protection under this Stipulated Protective
4    Order must take care to limit any such designation to specific material that qualifies under the
5    appropriate standards. The designating party must designate for protection only those parts of
6    material, documents, items, or oral or written communications that qualify, so that other portions
7    of the material, documents, items, or communications for which protection is not warranted are
8    not swept unjustifiably within the ambit of this Stipulated Protective Order.

9    Mass, indiscriminate, or routinized designations are prohibited. Designations that are
10   shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
11   unnecessarily encumber or delay the case development process or to impose unnecessary
12   expenses and burdens on other parties) expose the designating party to sanctions.

13   If it comes to a designating party's attention that information or items that it designated
14   for protection do not qualify for protection, the designating party must promptly notify all other
15   parties that it is withdrawing the mistaken designation.

16   6.2    Manner and Timing of Designations. Except as otherwise provided in this
17   Stipulated Protective Order (see, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise
18   stipulated or ordered, disclosure or discovery material that qualifies for protection under this
19   Stipulated Protective Order must be clearly so designated before or when the material is
20   disclosed or produced, unless such production results from an inspection permitted under Fed. R.
21   Civ. P. 34, in which case the producing party shall have a reasonable time after such inspection
22   and a related request for copies of inspected documents and things of no less than seven (7) days
23   to make its designations.

24   (a)    Information in documentary form: (*e.g.*, paper or electronic documents
25   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
26   proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains such information.

2   If only a portion or portions of the material on a page qualifies for protection, the producing

3   party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in

4   the margins); provided, however, that a party may designate documents produced in this matter

5   as Confidential or Attorneys' Eyes Only on a family level (e.g., an email and its attachment(s))

6   in order to reduce cost and burden during the review and production process.   The parties

7   acknowledge that the designation by a producing party of a document as Confidential or

8   Attorneys' Eyes Only does not impose any obligation upon the Court, if the document is filed in

9   this case or if it or any portion of it is quoted in any document filed with the Court, to permit the

10   sealing of said document(s), which sealing is governed by Local Rule 5 or other order of this

11   Court.

12         (b)    Testimony given in deposition or in other pretrial proceedings: the parties

13   and any participating non-parties must identify on the record, during the deposition or other

14   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

15   testimony after reviewing the transcript.   With respect to deposition testimony, such testimony

16   will be treated as Attorneys' Eyes Only information, regardless of whether it is designated as

17   such during the deposition, up to and until thirty (30) days after the party or non-party receives

18   the transcript of the deposition.   Any party or non-party may, within fifteen (15) days after

19   receiving the transcript of a deposition or other pretrial proceeding, designate portions of the

20   transcript, or exhibits thereto, as Protected Information pursuant to this Stipulated Protective

21   Order.   If a party or non-party desires to protect Protected Information at trial, the issue should

22   be addressed during the pre-trial conference.

23         (c)    Other tangible items: the producing party must affix in a prominent place

24   on the exterior of the container or containers in which the information or item is stored the word

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only

26

1  a portion or portions of the information or item warrant protection, the producing party, to the
2  extent practicable, shall identify the protected portion(s).

3        (d)    Native Files: If files are produced in native form or in any other form in
4  which it is impractical to designate each page as "CONFIDENTIAL" or "HIGHLY
5  CONFIDENTIAL – ATTORNEY'S EYES ONLY" due to the nature of the file, then by adding
6  such designation to the filename, or at a minimum, such abbreviations as "CONF" for
7  CONFIDENTIAL files, or "HC-AEO" for files that are HIGHLY CONFIDNENTIAL –
8  ATTORNEYS' EYES ONLY, the producing party has effectively designated the file, and each
9  page therein, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10  ONLY, respectively.

11       6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
12  designate qualified information or items does not, standing alone, waive the designating party's
13  right to secure protection under this Stipulated Protective Order for such material. Upon timely
14  correction of a designation, the receiving party must make reasonable efforts to ensure that the
15  material is treated in accordance with the provisions of this Stipulated Protective Order.

16  7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

17       7.1    Timing of Challenges. Any party or non-party may challenge a designation of
18  Protected Information at any time. Unless a prompt challenge to a designating party's
19  designation of Protected Information is necessary to avoid foreseeable, substantial unfairness,
20  unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does
21  not waive its right to challenge a Protected Information designation by electing not to mount a
22  challenge promptly after the original designation is disclosed.

23       7.2    Meet and Confer. The parties must make every attempt to resolve any dispute
24  regarding Protected Information designations without court involvement. Any motion regarding
25  Protected Information designations or for a protective order must include a certification, in the
26  motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and

1  confer conference with other affected parties in an effort to resolve the dispute without court
2  action. The certification must list the date, manner, and participants to the conference. A good
3  faith effort to confer requires a face-to-face meeting or a telephone conference.

4      7.3    Judicial Intervention. If the parties cannot resolve a challenge without court
5  intervention, the designating party may file and serve a motion to retain the protections afforded
6  by this Stipulated Protective Order under Local Civil Rule 7 (and in compliance with Local Civil
7  Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the
8  designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass
9  or impose unnecessary expenses and burdens on other parties) may expose the challenging party
10  to sanctions. All parties shall continue to maintain the material in question as its original
11  designation requires under this Stipulated Protective Order until the court rules on the challenge.

12  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
13       LITIGATION

14      If a party is served with a subpoena or a court order issued in other litigation that compels
15  disclosure of any information or items designated in this action as "CONFIDENTIAL" or
16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

17          (a)    promptly notify the designating party in writing and include a copy of the
18  subpoena or court order;

19          (b)    promptly notify in writing the party who caused the subpoena or order to
20  issue in the other litigation that some or all of the material covered by the subpoena or order is
21  subject to this Stipulated Protective Order. Such notification shall include a copy of this
22  Stipulated Protective Order; and

23          (c)    cooperate with respect to all reasonable procedures sought to be pursued
24  by the designating party whose Protected Information may be affected.

25

26

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        INFORMATION

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.     TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Information to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Information.

1    The confidentiality obligations imposed by this Stipulated Protective Order shall remain

2  in effect until a designating party agrees otherwise in writing or a court orders otherwise.

3         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  Dated: March ___, 2018

6  Respectfully submitted,

7  /s/_____          /s/_____
   Kelly W. Cunningham (*pro hac vice*)    Jeff E. Schwartz, Esq.
8  C. Wook Pak (*pro hac vice*)            (admitted *pro hac vice*)
   CISLO & THOMAS LLP                      Austen C. Endersby, Esq.
9  12100 Wilshire Boulevard, Suite 1700    (admitted *pro hac vice*; licensed in DE only)
   Los Angeles, California 90025           FOX ROTHSCHILD LLP
10 Tel: (310) 451-0647                     1030 15th St. NW, Suite 380 East
   Email: kcunningham@cislo.com            Washington, DC 20005
11 wpak@cislo.com                          Tel: (202) 461-3118
                                           Email: jeschwartz@foxrothschild.com
12                                                aendersby@foxrothschild.com
   Marc C. Levy, WSBA No. 19203
13 Thomas A. Shewmake, WSBA No. 50765
   SEED IP LAW GROUP LLP                   James E. Doroshow, Esq.
14 701 Fifth Ave., Suite 5400              (admitted *pro hac vice*)
   Seattle, WA 98104                       FOX ROTHSCHILD LLP
15 Tel: (206) 622-4900                     10250 Constellation Blvd., Suite 900
   Email: MarcL@seedip.com                 Los Angeles, CA 90067
16 TomShewmake@seedip.com                  Email: jdoroshow@foxrothschild.com

17

18                                         /s/_____
   *Attorneys for Tile Tech, Inc.*         Gavin W. Skok, WSBA No. 29766
19                                         FOX ROTHSCHILD LLP
                                           1001 Fourth Avenue, Suite 4500
20                                         Seattle, WA 98154
                                           Tel: 206-624-3600
21                                         Email: gskok@foxrothschild.com

22
                                           *Attorneys for Appian Way Sales, Inc., Appian*
23                                         *Way, LLC, and Puget Lite-Pavers, Inc.*

24 ///

25 ///

26 ///

1    PURSUANT TO STIPULATION, IT IS SO ORDERED.

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3  documents in this proceeding shall not, for the purposes of this proceeding or any other

4  proceeding in any other court, constitute a waiver by the producing party of any privilege

5  applicable to those documents, including the attorney-client privilege, attorney work-product

6  protection, or any other privilege or protection recognized by law.

7

8  DATED: 21 March 2018

9

10                                   _____
                                     Hon. James L. Robart
11                                   United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
– (2:17-cv-01660-JLR) - 15

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Tile Tech Inc. v. Appian Way Sales Inc., et al.*, 2:17-cv-01660-JLR (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
– (2:17-cv-01660-JLR) - 16