UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TILE TECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPIAN WAY SALES, INC., et al., <br><br> Defendants. | CASE NO. C17-1660JLR <br><br> ORDER ON MOTION TO STAY PROCEEDINGS |

## I. INTRODUCTION

Before the court is Appian Way Sales, Inc. ("Appian") and Puget Lite-Pavers, Inc.'s ("Puget") (collectively, "Defendants") motion to stay proceedings against Puget. (Mot. (Dkt. # 35).) In addition, Plaintiff Tile Tech, Inc. ("Tile Tech") filed a surreply in which it asks the court to strike certain material in Defendants' reply. (Surreply (Dkt. # 45).) The court has reviewed the motion and the surreply, all of the parties' submissions related to each document, the relevant portions of the record, and the

//

applicable law. Being fully advised,[1] the court GRANTS Defendants' motion to stay the proceedings against Puget and GRANTS in part and DENIES in part Tile Tech's request to strike.

## II. BACKGROUND

Tile Tech, a California corporation, manufactures and sells various "apparatuses related to paving subsurfaces." (Am. Compl. (Dkt. # 13) ¶ 13.) Ramin Tabibnia, the inventor of U.S. Patent No. 9,410,296 ("the '296 Patent"), grants an exclusive license to Tile Tech, entitling Tile Tech to "make, use, sell, and offer to sell the patented components." (*Id.* ¶¶ 14-17.) The exclusive license also grants Tile Tech "the right to sue under the '296 Patent." (*Id.* ¶ 17.) The '296 Patent "discloses an apparatus and methods for elevating a flat durable walking surface above a sometimes uneven sub-surface." (Pl. Resp. at 5.)

On November 3, 2017, Tile Tech filed a patent infringement suit against Defendants. (*See generally* Compl. (Dkt. # 1).) On December 6, 2017, Tile Tech filed an amended complaint asserting three separate patent infringement claims—direct, induced, and contributory—against Defendants. (Am. Compl. ¶¶ 14-17.) Tile Tech contends that both Appian and Puget make, use, sell, and offer to sell pave pedestal products that infringe upon the asserted claims of the '296 Patent. (*Id.* ¶¶ 19-37.)

//

---

[1] No party requests oral argument (*see* Mot. at 1; Pl. Resp. (Dkt. # 38) at 1), and the court concludes that oral argument would not be helpful to the disposition of the motion. Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided . . . without oral argument.").

Appian, a Washington corporation, makes and sells "pedestal apparatuses used in connection with the paving of subsurfaces." (Ans. (Dkt. # 15) ¶ 1.) Puget is a Washington corporation and a nationwide distributor of "Appian's paver pedestal products." (*Id.* ¶ 2.) On December 21, 2017, Defendants filed an answer denying any infringement and asserting various counterclaims against Tile Tech. (*See generally id.*) The court now considers Defendants' motion to stay the proceedings against Puget. (*See* Mot.)

### III. ANALYSIS

#### A. The Legal Standard

Defendants move to stay this matter against Puget based on the "customer suit" doctrine. (*See generally* Mot.) Under this doctrine, district courts have the authority to stay certain patent infringement claims. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). The "customer suit" doctrine acts as an exception "to the general rule that favors the forum of the first-filed action." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Traditionally, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014); *see also Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); *Katz*, 909 F.2d at 1464. The justification for this exception "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against [the] possibility of

abuse." *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). Furthermore, the manufacturer is often considered "the true defendant . . . [and] must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464 (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977)). A stay is appropriate when the litigation against the manufacturer alone will "resolve the 'major issues' concerning the claims against the customer." *Spread Spectrum Screening*, 657 F.3d at 1358 (quoting *Katz*, 909 F.2d at 1464). The stay "facilitate[s] [a] just, convenient, efficient, and less expensive determination," and does not burden the customer with unnecessary litigation. *Nintendo*, 756 F.3d at 1365.

Traditionally, district courts limited the "customer suit" doctrine to cases in which a plaintiff brought suit against the customer and the manufacturer in different districts. *See, e.g.*, *Privasys, Inc. v. Visa Int'l*, No. C 07-03257SI, 2007 WL 3461761, at *3 (N.D. Cal. Nov. 14, 2007) (citing *Lifelink Pharm., Inc. v. NDA Consulting, Inc.*, No. 5:07-CV-785, 2007 WL 2459879, at *3 (N.D. Ohio Aug. 24, 2007)) (explaining that a stay against the customer "would run counter to the goal of fostering judicial economy without enhancing the product source defendant's ability to litigate the issue of patent infringement"); *Naxon Telesign Corp. v. GTE Info. Sys., Inc.*, 89 F.R.D. 333, 339 (N.D. Ill. 1980) ("In this action, where the suit against the manufacturer and customer would take place simultaneously . . . the problem addressed in [the 'customer suit doctrine'] is not presented.").

//

However, in *Nintendo*, the Federal Circuit held that the principles underlying the "customer suit" doctrine—facilitating a "just, convenient, efficient, and less expensive determination"—included cases in which both the manufacturer and the customer were joined in a single action. 756 F.3d at 1365. In *Nintendo*, the manufacturer and the customer were named in the same proceeding, and the district court denied Nintendo's motion to sever and stay the claims against the customers. *Id.* at 1364. The Federal Circuit, however, held that "[w]hile the circumstances of this case differ from those of the customer-suit exception, we agree . . . that the same general principles govern in that Nintendo is the true defendant." *Id.* at 1365. The issues of infringement and validity were common to Nintendo and the customers. Thus, if the plaintiff recovered from Nintendo, they could not recover from the customers. *Id.* at 1366. Because "Nintendo's liability is predicate to recovery from any of the defendants," the Federal Circuit held that "the case against Nintendo must proceed first, in any forum." *Id.*

Several district courts have followed *Nintendo* and similarly extended the principles underlying the "customer suit" doctrine to cases in which the manufacturer and the customer are joined in the same action for the same infringement claims. *See, e.g.*, *WP Banquet, LLC v. Target Corp.*, No. LACV1602082JAKJPRX, 2016 WL 9450448, at *4-6 (C.D. Cal. Dec. 15, 2016); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *4-5 (E.D. Tex. Oct. 19, 2016); *Werteks Closed Joint Stock Co. v. GNC Corp.*, No. 6-60688-CIV, 2016 WL 8739846, at *4-6 (S.D. Fla. Aug. 4, 2016), *report and recommendation adopted as modified*, No. 16-60688-CIV, 2016 WL 8809716 (S.D. Fla. Aug. 23, 2016); *Capital Sec. Sys., Inc.*

*v. NCR Corp.*, No. 1:14-CV-1516-WSD, 2015 WL 3819336, at *2-3 (N.D. Ga. June 18, 2015).

Even though *Nintendo* broadened the application of the "customer suit" doctrine, an important limitation remains: the manufacturer and the customer must be accused of the same infringement claim(s) for the exception to apply. *See Nintendo*, 756 F.3d at 1366. If the suit against the manufacturer does not resolve all infringement claims against the customer, the "customer suit" doctrine is inapplicable because "the issues of infringement as to the manufacturer and the customer are 'not entirely common.'" *InfoGation Corp. v. ZTE Corp.*, No. 16-CV-01901-H-JLB, 2016 WL 9525235, at *3 (S.D. Cal. Dec. 21, 2016) (quoting *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *3 (E.D. Tex. Apr. 26, 2016)); *see, e.g.*, *Carucel Investments, L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2016 WL 8738221, at *3 (S.D. Cal. May 13, 2016) (explaining that the "customer suit" exception cannot apply when the action against the manufacturer would not resolve all charges against the retailers); *Erfindergemeinschaft Uropep*, 2016 WL 1659924, at *3 ("Therefore, unlike *Nintendo* and other cases involving the customer-suit exception, the issue of infringement is not entirely common to Brookshire and Lilly, as proof of infringement by Lilly would not necessarily establish infringement by Brookshire."). Thus, the "customer-suit" doctrine applies only if the claims against the manufacturer resolve all claims against the customer. This limitation ensures that the underlying principles of "facilitat[ing] just, convenient, efficient, and less expensive

//

determination[s]" remain the "customer suit" doctrine's guiding force. *Nintendo*, 756 F.3d at 1365.

### B. Application to Defendants' Claims Against Puget

The principles of the "customer suit" doctrine properly extend to Appian's motion to stay proceedings against Puget. Tile Tech incorrectly attempts to distinguish *Nintendo* from the facts of this case by arguing that the holding in *Nintendo* solely concerns whether venue was proper for the manufacturer. (Pl. Resp. at 8-9.) As discussed above, the Federal Circuit broadened the application of the "customer suit" doctrine and applied it when both the manufacturer and the customer defendants are joined in the same case. *Nintendo*, 756 F.3d at 1365. The Federal Circuit held that the suit against the manufacturer must proceed first "in any forum." *Id.* Tile Tech asserts three types of patent infringement claims against both Appian and Puget and does not assert any infringement claims solely against Puget. (Am. Compl. ¶¶ 38-66.) Thus, Tile Tech's suit against Appian will also dispose of its suit against Puget. *See InfoGation*, 2016 WL 9525235, at *3. Accordingly, the court grants Defendants' motion and stays Tile Tech's suit against Puget.[2]

//

---

[2] In addition to granting Defendants' motion pursuant to the "customer suit" doctrine, the traditional factors a court uses when considering a stay also weigh in favor of granting Defendants' motion. A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Ninth Circuit recognizes three factors in considering a stay:

> (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and

**C. Tile Tech's Surreply**

Pursuant to Local Civil Rule 7(g), Tile Tech moves to strike various portions of Defendants' reply and "revised proposed order." (*See* Surreply); *see also* Local Rules W.D. Wash. LCR 7(g). Tile Tech argues that the court should strike Section II.A of Defendants' reply (Defs. Reply.), the Declaration of Austen Endersby (Endersby Decl. (Dkt. # 43)), and the accompanying exhibits,[3] because each pertain solely to the issue of patent invalidity, which was not raised in Tile Tech's response. (Surreply at 3.) Furthermore, Tile Tech urges the court to strike three additional items: (1) the revised proposed order (RPO (Dkt. # 41-1)), (2) lines 6-8 and lines 15-20 on page 4 of Defendants' reply, and (3) lines 5-7 on page 5 of Defendants' reply. (*Id.* at 2-4.) Tile Tech contends that the revised proposed order and the above lines seek new relief to which Tile Tech has not had an opportunity to respond. (*Id.* at 2-3.)

//

---

(3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). Here, each factor weighs in favor of granting a stay against Puget. Tile Tech will suffer minimal damage as a result of the stay because Appian, as the true defendant, maintains the majority of the discovery and has agreed to disclose information pertaining to Puget as needed. (*See* Defs. Reply. (Dkt. # 41) at 7.) Furthermore, if required to move forward with this suit, Puget will suffer harm from unnecessary and duplicative litigation. Lastly, a stay promotes the "orderly course of justice" because a resolution of the claims against Appian will simplify or resolve the claims against Puget.

[3] (*See* Ex. A (Dkt. # 43); Ex. B (Dkt. # 43); Ex. C (Dkt. # 43); Ex. D (Dkt. # 43); Ex. E (Dkt. # 43); Ex. F (Dkt. # 43); Ex. G (Dkt. # 43); Ex. H (Dkt. # 43); Ex. I (Dkt. # 43); Ex. J (Dkt. # 43); Ex. K (Dkt. # 43); Ex. L (Dkt. # 43); Ex. M (Dkt. # 43).)

1       A district court cannot "consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New arguments may not be introduced in a reply brief."). The court agrees that Section II.A of Defendants' reply and the Declaration of Mr. Endersby and the accompanying exhibits are improperly before the court because they introduce new arguments and facts. Thus, the court grants Tile Tech's request to strike these items.[4] (*See* Defs. Reply at 3-4; Endersby Decl.; Ex. A-M.)

      However, the court declines to strike Defendants' revised proposed order, lines 6-8 and lines 15-20 on page 4, and lines 5-7 on page 5 of the reply. The revised proposed order and the accompanying lines in the reply respond directly to requests previously raised in Tile Tech's response. (*See* Pl. Resp. at 15-16.) Specifically, Tile Tech requests, if the court grants the stay, "(1) that Puget be obligated to be bound by any judgment in the underlying action, (2) that Puget make Mr. [Rusty] Sproatt and itself (per Rule 30(b)(6)) subject to deposition as part of the underlying action, and (3) that Puget timely produce all discovery requested by Tile Tech." (*Id.*) Defendants respond directly and affirmatively to these three requests in the portions Tile Tech seeks to strike. Thus, these portions of Defendants' reply do not introduce new arguments or facts, and the court denies the request to strike them.

//

---

[4] Even if, however, the court did not grant Tile Tech's request to strike these items, Section II.A, the Declaration of Mr. Endersby, and the accompanying exhibits would not have any impact on the court's decision in granting Defendants' motion because they are irrelevant to the issues described in Defendants' motion.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS Defendants' motion to stay proceedings against Puget (Dkt. # 35) and GRANTS in part and DENIES in part Tile Tech's request (Dkt. # 45) to strike certain materials in Defendants' reply. The court GRANTS Tile Tech's request to strike Section II.A of Defendants' reply, the Declaration of Austen Endersby, and the accompanying exhibits. The court DENIES Tile Tech's surreply to strike Defendants' revised proposed order, lines 6-8 and lines 15-20 on page 4, and lines 5-7 on page 5 from Defendants' reply.

Dated this 8th day of May, 2018.

JAMES L. ROBART
United States District Judge